NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0765n.06
Filed: October 16, 2006

No. 05-3845

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Julio J. Valdez, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| United States of America, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Respondent-Appellee. | ) | |

Before: GUY, GILMAN, and ROGERS, Circuit Judges

**ROGERS, Circuit Judge.** Petitioner-Appellant Julio Valdez appeals the district court's

dismissal of his 28 U.S.C. § 2255 petition. Valdez pled guilty in August 2001 to one count of

conspiring "to distribute and possess with intent to distribute cocaine and cocaine base." J.A. 132

(Indictment). The district court imposed a sentence of 192 months. Valdez appealed his conviction

to this court, arguing, among other things, that he received ineffective assistance of counsel. This

court affirmed the conviction, but it declined to reach the merits of Valdez's ineffective-assistance-

of-counsel claim on direct appeal. *United States v. Valdez*, 362 F.3d 903, 913-14 (6th Cir. 2004).

In this collateral attack on his conviction, Valdez raises three ineffective-assistance-of-counsel

arguments, including the claim made on direct appeal that he received ineffective assistance of

counsel because defense counsel did not file a timely motion to withdraw Valdez's plea. The district

court held that this court on direct appeal "disposed of" Valdez's ineffective-assistance-of-counsel

claim. *Valdez v. United States*, No. 3:05 CV 7132, 2005 WL 1398542, at *1 (N.D. Ohio June 10, 2005). This court subsequently issued a certificate of appealability as to whether Valdez received ineffective assistance of counsel.

We vacate and remand the order of the district court denying Valdez's motion to vacate his sentence. The district court's rationale for dismissing the petition was incorrect, and the district court should decide Valdez's ineffective-assistance-of-counsel claims in the first instance.

On September 5, 2000, a grand jury indicted Julio Valdez on one count of conspiracy to distribute and possess with intent to distribute cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) & 846; and two counts of knowingly and intentionally possessing with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Valdez pled guilty to the conspiracy charge and the district court sentenced him to imprisonment for 192 months.[1]

On direct appeal, this court rejected two of Valdez's arguments and refused to consider the third. First, this court rejected Valdez's argument that his guilty plea was not made knowingly and voluntarily. *Valdez*, 362 F.3d at 908-12. Second, this court held that the district court did not abuse its discretion in denying Valdez permission to withdraw his guilty plea. *Id.* at 912-13.[2] Finally, this

---

[1]We previously described, in more detail, the facts surrounding Valdez's plea agreement in *Valdez*, 362 F.3d at 905-08.

[2]The district court gave three reasons for denying Valdez permission to withdraw his plea: (1) Valdez waited 75 days to file a motion to withdraw; (2) the circumstances surrounding Valdez's plea suggested that he understood the indictment and discussed it with his attorney; and (3) the Government might have been prejudiced because witnesses' recollections might have become stale

court "decline[d] to entertain the merits of Valdez's claim of ineffective assistance of counsel." *Id.* at 914. Therefore, this court affirmed Valdez'ss sentence.

Valdez, acting pro se, then brought a petition under 28 U.S.C. § 2255 with three claims: (1) he received ineffective assistance of counsel; (2) his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005); and (3) his sentence violated *Shepard v. United States*, 544 U.S. 13 (2005). *Valdez*, 2005 WL 1398542, at *1.[3] The district court held that this court had "disposed of" Valdez's ineffective-assistance-of-counsel claim on direct appeal. *Id.* The district court also rejected Valdez's other challenges. *Id.*

Valdez filed a notice of appeal in this court, and this court construed that notice as an application for a certificate of appealability. This court granted a certificate as to one issue: whether Valdez received ineffective assistance of counsel. The order explicitly noted that "[t]his court did not dispose of this claim on the merits but reserved ruling on the issue." J.A. 118 (Order). This court appointed counsel for Valdez and permitted him to proceed *in forma pauperis*.

---

and because the Government would need to expend time and money trying the case. *Valdez*, 362 F.3d at 912-13. This court held that although there was no factual basis for finding that the Government suffered prejudice, the district court's decision to deny Valdez permission to withdraw was not an abuse of discretion. *Id.* at 913. This court held that the 75-day delay in filing the motion was, by itself, sufficient reason to deny Valdez permission. *Id.* This court also held that the circumstances surrounding Valdez's plea revealed that Valdez assented three times to the quantity of drugs that he allegedly possessed. *Id.*

[3]Although the district court addressed the merits of Valdez's *Shepard* and *Booker* claims, the district court also correctly noted that Valdez waived any collateral attack on his sentence. *Valdez*, 2005 WL 1398542, at *1. The Government does not argue that Valdez waived his right to bring ineffective-assistance-of-counsel claims.

The district court appears to have erred in deciding that this court already disposed of Valdez's ineffective-assistance-of-counsel claims on direct appeal. A remand is therefore warranted so that the district court can decide the claims and whether Valdez is entitled to an evidentiary hearing on the claims. This court did not dispose of Valdez's claims for ineffective assistance of counsel; instead, it declined to hear those claims on direct appeal. *See Valdez*, 362 F.3d at 913-14.

The puzzling nature of the district court's statement that this court had disposed of the ineffective-assistance-of-counsel claims may suggest that what the district court really meant was that this court had effectively, albeit implicitly, decided those claims by holding that Valdez's guilty plea was knowing and voluntary. Even under such a reading of the district court's opinion, however, the district court's judgment cannot be upheld. Valdez argues that his counsel was constitutionally ineffective for (1) waiting 75 days to file a motion to withdraw Valdez's guilty plea; (2) advising Valdez to plead guilty without having first conducted a reasonable investigation into Valdez's criminal history; and (3) failing to ensure that Valdez made an informed decision when waiving his right to a trial.[4] Our prior decision did not foreclose the possibility that Valdez might prevail on one of these arguments. First, when deciding that Valdez's plea was knowing and voluntary, we considered only whether Valdez knew the elements of the crime to which he pled guilty, including the drug quantity. *Valdez*, 362 F.3d at 910-12. Valdez no longer argues that his counsel was

---

[4]To succeed on his ineffective-assistance-of-counsel claims, Valdez must show that "counsel's representation 'fell below an objective standard of reasonableness,'" *McFarland v. Yukins*, 356 F.3d 688, 709-10 (6th Cir. 2004) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)), and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

constitutionally ineffective for failing to inform him about the amount of drugs to which he pled guilty, but instead he argues that his counsel was constitutionally ineffective for waiting too long to withdraw the guilty plea, failing to investigate Valdez's criminal history, and failing to inform Valdez of his likely sentencing range.[5] Second, whether a plea was knowing and voluntary for Rule 11 purposes and whether counsel was constitutionally ineffective for failing to advise a defendant of the consequences of the plea (such that the defendant would not have decided to plead guilty) are different inquiries. *See Hill*, 474 U.S. at 56 (distinguishing between information the Government must provide to a defendant so that a guilty plea is voluntary for Rule 11 purposes and erroneous information that defendant's attorney might provide to the defendant that would make a guilty plea involuntary because of ineffective assistance of counsel). We did not previously decide whether Valdez's plea was involuntary because of counsel's purported deficiencies.[6] Finally, reading our earlier opinion as implicitly denying Valdez's ineffective-assistance-of-counsel claim would be in substantial tension with our explicit deferral of adjudication of that claim.

Although the Government asks that we now deny Valdez's claims on the merits, a remand

---

[5]Although Valdez, in his pro se Motion to Vacate, argues that his counsel was ineffective for failing to inform him of the difference between grams and kilograms of cocaine (the argument Valdez initially made on direct appeal for why his plea was not voluntary), Valdez's Motion also explicitly refers to his attorney's delay in filing the motion to withdraw and arguably refers to the fact that his attorney did not inform him about the application of the Sentencing Guidelines.

[6]For example, we decided that the district court properly denied Valdez's motion to withdraw his plea because Valdez's attorney waited 75 days to file the motion. *Valdez*, 362 F.3d at 913. Although we held that Valdez's plea was knowing and voluntary, we did not decide whether his attorney's delay constituted ineffective assistance of counsel or whether the delay prejudiced Valdez.

in this case is more appropriate because it is consistent with the policy reasons why this court ordinarily does not address ineffective-assistance-of-counsel claims on direct appeal. First, facts needed to prove such claims are "more appropriately developed at the district court level" during a post-conviction proceeding. *See, e.g.*, *Valdez*, 362 F.3d at 913. Here, the district court did not make any factual findings related to Valdez's claims because the district court incorrectly ruled that this court had already decided such claims. Second, the Supreme Court has noted that a benefit of deciding ineffective-assistance-of-counsel claims in a collateral proceeding is that, because often a § 2255 motion will be decided by the district judge who presided at trial, "[t]he judge, having observed the earlier trial, should have an advantageous perspective for determining the effectiveness of counsel's conduct and whether any deficiencies were prejudicial." *Massaro v. United States*, 538 U.S. 500, 506 (2003). Here, the district judge who ruled on Valdez's § 2255 motion was also the presiding judge at Valdez's trial, and thus is in a much better position than this court to decide whether Valdez's counsel's representation was deficient, whether Valdez was prejudiced by any such deficiency, and whether Valdez should be granted an evidentiary hearing on his claims. *See also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) ("[W]hen the trial judge also hears the collateral proceedings . . . , that judge may rely on his recollections of the trial in ruling on the collateral attack.").

Finally, a remand avoids the unusual procedural posture whereby we would have to decide whether to grant an evidentiary hearing, instead of reviewing the district court's decision for an abuse of discretion. If the district court, after considering the case anew, denies Valdez an evidentiary

hearing, we would then review that decision under the typical abuse-of-discretion standard.

Accordingly, we **VACATE** and **REMAND** the order of the district court so that the district court can consider Valdez's ineffective-assistance-of-counsel claims in the first instance.

**RALPH B. GUY, JR., dissenting**.    I respectfully dissent.  Defendant appeals from the denial of his § 2255 motion to vacate his sentence based upon a claim of ineffective assistance of counsel.[7]  Defendant had entered a Rule 11 guilty plea to an indictment charging a large and long-running drug conspiracy.  He pleaded guilty to the conspiracy charge in exchange for having two other substantive drug charges dismissed.  The plea agreement included a stipulation that the drug quantity involved was at least 50 but less than 150 kilograms of cocaine.  Some 75 days after entering his guilty plea, Valdez moved to withdraw the plea based upon a claim that he thought he was pleading to between 50 and 150 *grams* of cocaine.  This motion was denied.

At sentencing, Valdez was found to be in criminal history category IV and have an offense level of 33 which resulted in a sentencing range of 188 to 235 months.  The court imposed a 192-month sentence after allowing a three-point reduction for acceptance of responsibility and reducing the presentence-report-recommended criminal history category from VI to IV.

Despite the fact that Valdez waived his right to appeal in his plea agreement, he nonetheless filed a direct appeal claiming that his guilty plea was not knowing and voluntary, that it was error to deny his motion to withdraw his plea, and that he was denied effective assistance of counsel.  We affirmed the conviction, rejecting defendant's first two claims of error, but consistent with Sixth Circuit practice, no ruling was made on the ineffective assistance of

---

[7]Other claims raised by defendant were deemed waived and are not before us.

counsel claim. Defendant then filed this § 2255 motion claiming that his counsel was ineffective in the following particulars: (1) failing to file the motion to withdraw the guilty plea until 75 days after the plea; (2) failing to fully investigate Valdez's criminal history before advising a guilty plea; and (3) failing to ensure that Valdez understood the potential sentence to which his plea exposed him.

## I.

**A.     The Late Filing of the Motion to Withdraw the Guilty Plea**

First, since there was no evidentiary hearing in the district court, we have only the defendant's assertions that he had asked his attorney to file the motion shortly after the plea was entered. Assuming the facts are as defendant claims, however, he was still not entitled to withdraw his plea. Although the district court (and the Sixth Circuit on appeal) did reference the unexcused late filing, both courts also held that there was no merit to the claim since Valdez was repeatedly told the drug quantities involved; the quantities were stated in the plea agreement; his plea agreement was found to be voluntary and knowing; and, finally, it is absurd to think that a drug dealer would not know the difference between kilograms and grams. Thus, even if the attorney's performance was below standards in filing the motion late, defendant can show no prejudice.

Finally, defendant was informed and knew that he had agreed he could not withdraw his plea if he was dissatisfied with the presentence report and the recommended sentence.

**B.** **The Failure to Investigate Defendant's Criminal History**

Again we have to assume for the purposes of the appeal that there was such a failure, although there is no record support for this assumption. In fact, the record is to the contrary. Eleven objections were filed to the presentence report and all were addressed. In addition, at sentencing the trial judge granted defendant's motion based upon an alleged overstatement of his criminal history, and reduced his criminal history category two levels, from VI to IV, resulting in a reduction of his guideline range from 235-293 months to 188-235 months. Valdez was sentenced to 192 months, the lower end of the guideline range.

The defendant is saying, in essence, that if he knew that he was going to get a sentence as long as the one he received, he would not have pleaded guilty. This argument is not supported by the record. Defendant was repeatedly told that until the presentence report was completed, there were no guarantees as to sentence. Also, his plea agreement was silent as to length of sentence. At his plea hearing the government attorney stated:

> We have not set forth in the agreement the actual guideline range due to the fact we are not exactly sure of what the criminal history category would be, so at this point, I would indicate that it would be, by our contemplation, a level 33, and I guess we can assume a category one until further notice. I know Mr. Rion's had some discussion with his client regarding his prior criminal history. We have simply chosen not to make that part of the agreement and therefore have not referenced a specific guideline range.

Shortly thereafter, the trial judge stated:

> You should understand, gentlemen, that the Court cannot now determine with certainty the level of the guideline range into which you will fall. That will not be able to be determined until the time of sentencing, but you should also understand that if I accept your plea of guilty today, you have no right under the plea agreement that you have signed and acknowledged you are willing to live by to withdraw your plea. Do you understand that?

Finally, given the greater drug quantity attributed to the conspiracy charge, the potential guilty verdicts on the two dismissed counts, the overwhelming evidence that convinced 33 other defendants to plead guilty, the significant sentence imposed on the sole defendant who did go to trial on Count 1, and the fact that defendant would have lost his acceptance of responsibility reduction, it was not ineffective assistance for Valdez's attorney to advise him to take the plea agreement.

Thus, as with defendant's first claim, even if we assume counsel should have made a more complete investigation of his client's past history, defendant cannot show any prejudice.

**C.      Failure to Ensure that Defendant Knew the Potential Sentence He Might Receive**

This third issue is really little different than the second in that defendant has to be saying, "I wouldn't have pleaded guilty if I knew I might receive a 192-month sentence." Since defendant was told over and over again that he could not be told his precise sentence at the time of his plea and he agreed in his plea that he would accept whatever the sentence was, there is simply nothing to this claim. His attorney never predicted any precise sentence and even if he had, what went on in open court would trump such a prediction.

**II.**

The court in granting a remand does so primarily on the basis of one statement, taken out of context, which appears in the court's order denying relief to the defendant: "The ineffective assistance of counsel claim has already been disposed of by the Sixth Circuit in his direct appeal." Based upon this statement the majority concludes:

> The district court appears to have erred in deciding that this court had already disposed of *Valdez*'[s] ineffective-assistance-of-counsel claims on direct appeal. A remand is therefore warranted so that the district court can decide the claims and whether Valdez is entitled to an evidentiary hearing on the claims.

The majority does not mention two other significant statements made by the district judge in the same short order. Two paragraphs earlier and on the same page, the district judge said: "On direct appeal the Sixth Circuit affirmed the conviction and sentence and held . . . his ineffective assistance of counsel claim would not be considered on direct appeal."

Admittedly, this is in apparent conflict with the statement made shortly thereafter. The conflict is easily resolvable, however, when two other statements made by the court in the order are considered. First the court states in the first paragraph: "For the reasons extremely well set out in the Government's nineteen (19) page response in opposition to Petitioner's motion, his motion will be denied." In a similar vein the order concludes with this sentence: "For the reasons herein above stated and those well set forth in the Government's brief in opposition, the petitioner's [motion] is denied."

The majority thus makes no mention of the principal rationale for the district court's ruling. Although we might not commend the trial judge for taking the shortcut he did rather than setting forth just what arguments the government made that he was adopting, that is no reason to ignore those arguments.

The government carefully and completely set forth all of the reasons why the defendant was not entitled to relief on his claim of ineffective assistance of counsel. I have merely recapitulated those arguments. Like the district judge, I find the government's arguments completely resolve the issues raised by the petitioner, and I would affirm.